SUE CAMPBELL
Attorney at Law, State Bar Number 98728
1155 North First Street, Suite 101
San Jose, California 95112
Phone: (408) 277-0648
Fax:   (408) 938-1035

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB TRAGNI AND WILLIAM T. BARROW, AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 332 HEALTH AND WELFARE AND PENSION TRUST FUNDS, NEBF, JEIF, NECA SERVICE CHARGE, NECA, DUES CHECK OFF AND APPRENTICESHIP TRAINING TRUST FUNDS,<br><br>Plaintiffs,<br><br>vs.<br><br>RPD ELECTRICAL SERVICES CO., INC., a California Corporation doing business as ELECTRICAL SERVICE COMPANY,<br><br>Defendants. | CASE NO.: C07-04351 RMW PVT<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF A DEFAULT JUDGMENT BY COURT AND FOR ATTORNEY'S FEES<br><br>DATE:   May 23, 2008<br>TIME:   9:00 A.M.<br>PLACE:  Courtroom 6, 4th Floor<br><br>JUDGE:  Hon. Ronald M. Whyte |

Pursuant to Federal Rules of Civil Procedure, Rule 55(b)(2), a judgment by default may be entered by the Court upon application of Plaintiff. Judgment by the Court must be made for any amounts that is not a sum certain or for a sum of which computation can be made. Plaintiffs in this matter have requested contributions of $349,743.55, $46,814.73 in liquidated damages, $14,267.55 in interest, costs of $602.00, and attorney's fees of $11,115.00 (Declaration of Sue Campbell) pursuant to contract and federal law, 29 U.S.C. §1132(g)(2).

This is an action for employee benefits due under the Employee Retirement Income Security Act of 1974. Pursuant to that Act, attorney's fees, interest and liquidated

damages are allowed as follows:

"(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan -

"(A) the unpaid contributions,

"(B) interest on the unpaid contributions,

"(C) an amount equal to the greater of -

"(i) interest on the unpaid contributions, or

"(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

"(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

"(E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954." 29 U.S.C. 1132(g)(2) (1982).

The declaration of plaintiffs' attorney, Sue Campbell, filed herewith, sets forth the calculations for attorney's fees in the amount of $11,115.00. As the above mentioned statute allows the plaintiff to obtain reasonable attorney's fees in any action brought under E.R.I.S.A., Plaintiffs' attorney's fees should be allowed in full.

Pursuant to the collective bargaining agreement, liquidated damages of $46,814.73 are due. The Trust Funds have charged liquidated damages at 10%. A copy of the pertinent sections of the Trust documents are attached to the declaration of Allison Johnson.

In December 2001, the Trust Funds conducted a study to determine the reasonableness of liquidated damages charged by the Trust Funds. The Trust Funds also periodically review their collection procedures and costs to determine if the ten percent liquidated damages being charged is reasonable. A true and correct copy of that study, as well as a copy of the collection procedures, is attached to the declaration of Allison Johnson. Both of these documents are incorporated by reference as evidence of the reasonableness of the liquidated damages requested. The final collection document was prepared and presented by

my office and is a true and correct copy of that study.

      Plaintiffs have complied with all the requirements of Rule 55(b)(2), including the requirement that a defendant be given three days notice of the application to enter the default judgment. Federal Rules Civil Procedure, Rule 55(b)(2).

Date: April 8, 2008

_____
SUE CAMPBELL
Attorney for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES