**E-FILED on** 7/2/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOB TRAGNI AND WILLIAM T. BARROW, AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 332 HEALTH AND WELFARE AND PENSION TRUST FUNDS, NEBF, JEIF, NECA SERVICE CHARGE, NECA, DUES CHECK OFF AND APPRENTICESHIP TRAINING TRUST FUNDS,<br><br>    Plaintiffs,<br><br>    v.<br><br>RPD ELECTRICAL SERVICES CO., INC., a California Corporation doing business as ELECTRICAL SERVICE COMPANY,<br><br>    Defendant. | No. C-07-04351 RMW<br><br>ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT<br><br>**[Re Docket No. 14]** |

    Plaintiffs filed the present action on August 23, 2007 and the complaint was served on defendant RPD Electrical Services Co. d/b/a Electrical Service Company Inc. ("Electrical Service") on September 7, 2007. No response or appearance has been made by Electrical Service and, on October 19, 2007, default was entered against Electrical Service. Plaintiffs subsequently amended their complaint on December 20, 2007, which was served on Electrical Service on January 9, 2008.

1  Again, there was no response by Electrical Service and the clerk again entered default on February
2  7, 2008. Plaintiffs now apply for default judgment against Electrical Service. Electrical Service
3  filed no opposition. The court heard oral argument on the motion on Friday, May 23, 2008. No
4  appearance was made by defendant. For the reasons set forth below, the court grants in part
5  plaintiffs' application for default judgment.

## I. BACKGROUND

Pursuant to letters of assent signed August 27, 1997 and May 1, 1995, Electrical Service is subject to two collective bargaining agreements: the Residential Agreement and the Inside Wireman's Agreement, both between Local Union No. 332 and the National Electrical Contractors Association, Santa Clara Valley Chapter. *See* FAC, Ex. 1; Decl. Allison Johnson ("Johnson Decl.") ¶ 2. Plaintiffs have sued defendant Electrical Service for failure to pay employee benefits as required under these collective bargaining agreements, which cover certain of Electrical Service's employees. FAC ¶¶ 10-13. These employee benefits were to be paid on a monthly basis into the trust funds specified in those agreements no later than the fifteenth day of each month following the month for which payment is made. *Id.* ¶¶ 6 and Ex. 1. The amounts to be paid are based on the number of hours worked by the employees covered by the collective bargaining agreement. *Id.* ¶ 6.

Plaintiffs seek payment of delinquent pension fringe benefits, liquidated damages, interest and attorney's fees on behalf of two different sets of pension plans: (1) I.B.E.W. Local 332 Trust Funds (specifically, Health and Welfare Trust, Apprenticeship Trust, National Electrical Benefit Fund, JEIF, NECA Service Charge, and NECA) and (2) the District No. 9 Pension Plan.

## II. ANALYSIS

Plaintiffs seek combined payment and damages for the two sets of pension funds as follows:

| | |
|---|---:|
| Delinquent Contributions: | $339,493.60 |
| Liquidated Damages at 15%: | 46,814.73 |
| Prejudgment Interest at 10%: | 15,906.77 |
| Attorney's Fees: | 11,115.00 |
| Attorney's Costs: | 602.00 |
| | ---------------- |
| | $413,932.10 |

### A.   I.B.E.W. Local 332 Trust Fund Payments

Electrical Service submitted transmittals regarding contributions to the I.B.E.W. Local 332 Trust Funds for the months of February 2007 and August through December 2007. Johnson Decl. ¶ 4. The February 2007 payment was paid in full but late. *Id.* Partial payment of $49,528.32 was received for the August 2007 transmittal, leaving a balance of $57,949.62 for August 2007.

#### 1.   Delinquent Contributions

Plaintiffs seek past fringe benefit contributions of $287,781.04 on behalf of the I.B.E.W. Local 332 Trust Funds. Johnson Decl. at 4. Plaintiffs compute this amount based on transmittals submitted by Electrical Service the months of August, September, October, November and December 2007. *Id.*, Ex. C. Except for the amount due for the August 2007 (which was partially paid as set forth above), payment for these transmittals are due in full and are now late.

This court has jurisdiction over amounts an employer has contractually "promised" to pay. *Laborers Health & Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 548-49 (1988). An employer's contractual obligation ceases when it "it permanently ceases to have an obligation to contribute under the plan, or . . . permanently ceases all covered operations under the plan." *Id.* at 546 n.10 (citing 29 U.S.C. § 1383(a)). Based on the Johnson Declaration submitted by plaintiffs, which attaches the transmittals submitted by Electrical Services to defendants for the months in question, the court is satisfied that Electrical Services has a continued contractual obligation to make contributions under the collective bargaining agreement for the months in question.

#### 2.   Liquidated Damages

Plaintiffs seek liquidated damages for allegedly late payments for the months of February 2007, and August 2007 through December 2007 in the amount of $37,240.46. This amount reflects $33,730.93 in liquidated damages for the August 2007 through December 2007 transmittals and $3,509.53 for late payment of the amounts owed for the February 2007 transmittal. Johnson Decl. ¶ 7.

Under the Employee Retirement Income Security Act of 1974 ("ERISA"), the trustees of a plan may bring action in federal district court pursuant to ERISA § 502 against an employer who is

delinquent in meeting their contractual obligations. *Laborers Health & Welfare Trust Fund for N. Cal.*, 484 U.S. at 546-47; *see* 29 U.S.C. §§ 1132, 1145.  ERISA § 502(g)(2) creates a "special remedy against employers who are delinquent in meeting their contractual obligations that . . . includes a mandatory award of prejudgment interest plus liquidated damages in an amount at least equal to that interest, as well as attorney's fees and costs."  *Id.* at 547.  Section 502(g)(2) provides in relevant part:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of-
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2).  The relevant agreement for the I.B.E.W. Local 332 Trust Funds, the Residential Collective Bargaining Agreement, provides for liquidated damages at 15% and interest at 10%.  Johnson Decl. ¶ 3; FAC, Ex. 1 at 31 § 14.04.  As noted above, ERISA permits liquidated damages of up to 20% or a higher rate as may be permitted by law.  The court is satisfied that 15% is an appropriate rate for determination of liquidated damages in this case.  Therefore, liquidated damages in the amount of 15% of the delinquent contributions amount of $33,730.93 shall be awarded for the period of August 2007 through December 2007.

Plaintiffs additionally request payment for unpaid liquidated damages for the month of February 2007, for which Electrical Service submitted a payment that was late.  Plaintiffs support the amount of liquidated damages requested by supplying a July 13, 2007 "Notice of Liquidated Damages Assessment" that was apparently sent to Electrical Service requesting $3,509.53.  The court is satisfied that defendant owes this amount of liquidated damages for late payment of the

February 2007 contributions.  In total, the court will award plaintiffs the requested amount of $37,240.46 for liquidated damages.

### 3. Prejudgment Interest

Plaintiffs seek prejudgment interest on the delinquent fringe benefits (interest until payment of the partial payment made on the August 2007 payment and then interest on the payments from their due date through March 20, 2008) at an annual rate of 10% for the amounts due based on the August 2007 through December 2007 transmittals. Johnson Decl. ¶ 7.  Plaintiffs ask for interest of $11,830.71 for that period.  ERISA provides that interest on unpaid contributions shall be determined by using the rate provided for in the plan or, if none, the rate prescribed under I.R.C. § 6621(g)(2). 29 U.S.C. § 1132(g)(2).  The Residential Collective Bargaining Agreement provides for interest at 10% per annum.  Johnson Decl. ¶ 3; FAC, Ex. 1 at 31 § 14.04.  The court concludes that 10% is an appropriate prejudgment interest rate.  Accordingly, the court will award plaintiffs the requested amount of interest: $11,830.71.

### B. District No. 9 Pension Plan Payments

Plaintiffs seek liquidated damages for the months of January through March 2007 for late payments, and both delinquent payments and liquidated damages for the months of May through December 2007.  In support of their request for delinquent payments, liquidated damages and prejudgment interest, plaintiffs submit the Amended Declaration of Joseph Herrle attaching bounced checks for the transmittals due for May 2007 and August 2007.  Because Electrical Service did not submit transmittals for June, July or September through December 2007, Herrle's declaration calculates delinquent payments by multiplying the number of hours reported for covered employees (employees with a rate of 55% or higher) for those months by the pension rate of $1.59 per hour. The court is satisfied that the amount of delinquent pension funds owed is $51,712.56.  Based on the Amended Herrle Declaration, the court is also satisfied, for the reasons set forth with respect to the I.B.E.W. Local 332 Trust Fund Payments, (1) that liquidated damages for the late and unpaid benefits in the amount of $9,574.27 are properly assessed as set forth on page 2 of the declaration and (2) that the amount of interest requested, $4,076.06 at 10%, is appropriate.

### C. Attorney's Fees and Costs

Plaintiffs' counsel seeks attorney's fees of $11,115.00 and costs of $602.00. Decl. of Sue Campbell ¶ 2. The court has reviewed the billing statements submitted by plaintiffs' counsel. The court finds counsel's billing rate of $195 per hour to be reasonable and is satisfied the that amount requested is appropriate with respect to work performed on behalf of the two funds.

## III. ORDER

For the foregoing reasons, the court hereby enters judgment against defendant Electrical Services and in favor of plaintiffs. Plaintiffs are entitled to an award of delinquent benefits contributions to the two trust funds of $339,493.60, and liquidated damages for such delinquent contributions at a rate of 15%, or $46,814.73. The court grants plaintiffs interest on the delinquent contributions in the amount of $15,906.77. Finally, the court grants plaintiffs' request for attorney's fees of $11,115.00 and costs of $602.00. The total owed to plaintiffs is $413,932.10.

DATED:  7/1/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1 **Notice of this document has been electronically sent to:**

2 **Counsel for Plaintiffs:**

3 Sue Campbell            suecampbell@att.net

4 **Counsel for Defendants:**

5 (no appearance)

6
7 Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 7/2/08                                          /s/ MAG
                                                **Chambers of Judge Whyte**